Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorney for Plaintiff HERMINIO RESENDIZ, as an individual and on behalf of all similarly situated employees,
[ADDITIONAL COUNSEL ON NEXT PAGE]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMINIO RESENDIZ, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>SANTA ANA ELKS LODGE-794-BPOE; BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE USA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>1. Violation of the Fair Labor Standards Act (29 U.S.C. §§ 206 and 207);<br>2. Violation of Labor Code §§ 226.7, 512 (Meal Period Violations);<br>3. Violation of Labor Code §§ 226.7, Wage Order 9 (Rest Period Violations);<br>4. Violation of Labor Code §§ 204, 510, 1194 (Failure to Pay All Wages, Including Minimum Wage and Overtime);<br>5. Violation of Labor Code §§ 201, 202, 203 (Failure to Pay Wages Due at Separation of Employment);<br>6. Violation of Labor Code §§ 226, subd. (a) and (e) (Failure to Issue Accurate Itemized Wage Statements);<br>7. Violation of Labor Code §2802 (Failure to Reimburse Business Expenses); and<br>8. Violation of Bus. & Prof. Code §§ 17200 et seq. (Unfair Business Practices).<br><br>**DEMAND FOR JURY TRIAL** |

Justin Lo (SBN: 280102)
justin@worklawyers.com
**LAW OFFICES OF JUSTIN LO**
22939 Hawthorne Blvd., Suite 202
Torrance, CA  90505
Telephone: (424) 355-8335

Attorneys for Plaintiff HERMINIO RESENDIZ, as an individual and on behalf of all similarly situated employees,

Plaintiff HERMINIO RESENDIZ ("Plaintiff" or "Mr. Resendiz"), individually, and on behalf of all others similarly situated, complains and alleges on information and belief as follows:

## INTRODUCTION

1.      This is a class action brought on behalf of Plaintiff and the class he seeks to represent. ("Plaintiff Class" or "Class Members.") Plaintiff Class consists of all non-exempt, hourly-paid employees, currently and/or formerly employed by Defendants SANTA ANA ELKS LODGE-794-BPOE and, upon information and belief, its parent organization BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE USA (collectively "Defendants" or "ELKS"), in the State of California during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of this complaint through judgment. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

2.      Plaintiff, individually, and on behalf of Plaintiff Class, seeks relief against Defendants, for Defendants' practices of violating the applicable Industrial Welfare Commission Wage Orders, Code of Regulations, and California Labor Codes, including sections 201, 202, 203, 226, 226.7, 227.3, 510, 512, 515, 1174, 1194, and 2802. These violations concern current and past employees of Defendants.

3.      Additionally, Plaintiff seeks recovery of damages for Defendants' failure to pay minimum wages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. section 206, 207, and 29 C.F.R. section 778.315. Plaintiff alleges that Defendants, as a result of their company-wide policies, wrongfully misclassified employees as exempt and as a result failed to pay them for all hours worked, including failing to pay minimum wage, overtime and double time wages, and failed to provide rest breaks and compliant meal breaks.

4.     At all relevant times herein, Defendants have consistently maintained and enforced against Plaintiff Class the unlawful practices and policies set forth herein.

## JURISDICTION AND VENUE

5.     Venue is proper in this judicial district because the Defendants maintain their location and transact business in the County of Orange, the obligations and liability arise in this county, and work was performed by Plaintiff and Plaintiff Class members of the proposed class made the subject of this action in the County of Orange, California.

6.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29. U.S.C. section 216 and 28 U.S.C. section 1331 because the action asserts rights arising under federal law. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the Constitution of the United States.

## THE PARTIES

**Plaintiff**

7.     Plaintiff was employed by Defendants from on/in around 1980 through on/in around May 28, 2019, at Defendants' Santa Ana, California location. At all relevant times herein, Plaintiff was employed by Defendants as a Cook. Plaintiff was misclassified as an exempt employee and earned an annual salary of fifty thousand dollars ($50,000.00). Due to his misclassification as an exempt employee he did not receive overtime pay or double time pay.  Plaintiff typically worked seven days a week from 7:00 a.m. to 10:00 p.m. Plaintiff did not receive rest breaks. Plaintiff's meal breaks were often received late or interrupted, and he often did not receive a second meal break for shifts in excess of ten (10) hours. Plaintiff was employed by Defendants for at least four (4) years prior to the commencement of

this action.

8. Each of the Plaintiff Class consists of identifiable, current, and/or former similarly situated persons who were employed by Defendants in California during the Class Period.

**Defendants(s)**

9. Plaintiff is informed and believes, and based thereon alleges, that Defendants SANTA ANA ELKS LODGE-794-BPOE and BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE USA, unknown entity type(s), are a fraternal organization. The organization has hundreds of thousands of members nationwide and is part of a network of nearly 2000 lodges in communities all over the country. The Defendants provide community activities and services and were the employers of Plaintiff.

10. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief, alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when that information is ascertained.

11. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants operate as a joint venture and/or single business enterprise, integrated enterprise, and/or are agents of one another, are alter egos, joint employers, and conspire with one another to increase profits by engaging in the conduct described in this complaint.

12. Plaintiff is informed and believes, and based thereon alleges, that each

Defendant acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendant(s), and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL ALLEGATIONS

13.     Plaintiff and Plaintiff Class are, and all times relevant herein, have been non-exempt employees or should have been non-exempt employees but for the Defendants' misclassification, within the meaning the California Labor Code, and the implementing rules of the IWC California Wage Orders.

14.     Plaintiff was employed by Defendants as a Cook from in/on around 1980 through in/on around May 28, 2019. Plaintiff was classified as an exempt employee and earned a salary of fifty thousand dollars ($50,000.00) a year.

15.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' policies and practices described herein are common across each of Defendants' locations within the State of California.

16.     SANTA ANA ELKS LODGE-794-BPOE and BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE USA are fraternal organizations that provide their members with activities and services, including meals. Plaintiff was a Cook for Defendants. The Plaintiff Class would include Cooks and other food preparation and serving positions within Defendants' Santa Ana location. The Plaintiff Class consists of all employees that created food for the Defendants, from preparing the components to cooking the meals, as well as packaging the food for service or delivery and charging the customers for the food. Defendants deprived Mr. Resendiz and similarly situated employees of all wages owed to them by

misclassifying them as exempt employees and failing to properly account for all hours worked. Defendants violated various Labor Code sections as set forth herein by failing to provide Mr. Resendiz and all other similarly situated employees with meal and rest periods and premium pay, failing to pay all wages owed, including minimum wage, overtime and double time, failing to provide accurate wage statements and maintain accurate payroll records, failing to pay employees for necessary business expenses, and failing to provide all wages earned at end of employment.

## FLSA SPECIFIC ALLEGATIONS

17.     Plaintiff brings claims on behalf of the California FLSA Minimum Wage Class as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. section 216. Plaintiff and the FLSA Minimum Wage Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy and/or plan of willfully and intentionally refusing to pay for all hours worked in violation of the FLSA and for willfully and intentionally failing to pay for all hours worked based on the Defendants' willful misclassification of employees as exempt. The claims of Plaintiffs under the FLSA are therefore similar to the claims of the prospective FLSA Minimum Wage Class.

18.     29 U.S.C. §section 207 provides that overtime is to be paid at one and one-half times the employee's regular rate of pay.

19.     29 U.S.C., section 216 provides that "[a]ny employer who violates the provisions of section 206 or 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

20. 29 C.F.R. section 778.315 states "*In determining the number of hours for which overtime compensation is due*, *all hours worked* (see section 778.223) *by an employee for an employer in a particular workweek must be counted*. Overtime compensation, at a rate not less than one and one-half times the regular rate of pay, must be paid for each hour worked in the workweek in excess of the applicable maximum hours standard. ***This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied)*** *or under any applicable statute* ***has been paid*.**" (29 C.F.R. section 778.315) (emphasis added.)

21. 29 C.F.R. section 778.316 states "Since a lower rate cannot lawfully be set for overtime hours it is obvious that the parties cannot lawfully agree that the working time will not be paid for at all. An agreement that only the first 8 hours of work on any days or only the hours worked between certain fixed hours of the day or only the first 40 hours of any week will be counted as working time will clearly fail of its evasive purpose…." (*see* 29 C.F.R. section 778.316)

22. 29 C.F.R. section 778.317 states "An agreement not to compensate employees for certain non-overtime hours stands on no better footing since it would have the same effect of diminishing the employee's total overtime compensation." (*see* 29 C.F.R. section 778.317)

23. The "FLSA Unpaid Wage Class" is defined herein as All persons who are or were employed by Defendants in California, who were not paid for all hours worked, during the three years immediately preceding the filing of the complaint.

24. Plaintiff and Plaintiff Class are hourly paid non-exempt employees who were employed under an express and implied contract to receive compensation for all time worked.

25. Defendants willfully and deliberately failed to pay Plaintiff and

Plaintiff Class for time worked. Specifically, Defendants' failure to compensate Plaintiff and Plaintiff Class members for time worked when they were obligated to clock-out for meal periods is in violation of 29 C.F.R. section 778.315 and applicable federal law.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and all other similarly situated persons in the Class, which is composed of and defined as follows:

a. The California Unpaid Wage Class: All persons who are employed or have been employed by Defendants, who are or were residents of the state of California, or whose work is or was based out of the State of California, who for the four years prior to the filing of this class action to the present have worked as non-exempt employees at any point during the Class Period and were not paid all wages owed;

b. The California Misclassified as Exempt Class: All persons who are employed or have been employed by Defendants, who are or were residents of the state of California, or whose work is or was based out of the State of California, who for the four years prior to the filing of this class action to the present have were misclassified as exempt employees at any point during the Class Period and were therefore not paid all wages owed;

c. The California Meal Break Class: All persons who are employed or have been employed by Defendants, who are or were residents of the state of California, or whose work is or was based out of the State of California, who for the four years prior to the filing of this class action to the present have worked as non-exempt employees at any point during the Class Period and were not provided timely uninterrupted meal periods or premium wages in lieu thereof;

d.  <u>The California Rest Break Class</u>: All persons who are employed or
have been employed by Defendants, who are or were residents of
the state of California, or whose work is or was based out of the
State of California, who for the four years prior to the filing of this
class action to the present have worked as non-exempt employees
at any point during the Class Period and were not provided timely
uninterrupted rest periods or premium wages in lieu thereof;

e.  <u>The FLSA Unpaid Wage Class</u>: All persons who are or were
employed by Defendants throughout the United States, who were
not paid for all hours worked, during the three years immediately
preceding the filing of the Complaint through the present;

f.  <u>The Waiting Time Class</u>: All persons who are or were employed by
Defendants in the State of California at any point during the Class
Period, for the three years prior to the filing of this class action to
the present and worked as non-exempt employees and have been
terminated or resigned, that have not been paid wages pursuant to
Labor Code section 203 and are owed restitution for waiting time
penalties for unpaid wages;

g.  <u>The Wage Statement Class</u>: All persons who are employed or have
been employed by Defendants in the State of California who, for
the four years prior to the filing of this class action to the present
have worked as non-exempt employees and were not provided an
accurate payroll record as required under Labor Code 226 and
Labor Code Section §1174

h.  <u>The Reimbursement Class</u>: All persons who are employed or have
been employed by Defendants in the State of California who, for
the four years prior to the filing of this class action to the present
who were not reimbursed for necessary business expenses incurred.

27.    Plaintiffs reserve the right to amend or modify the Plaintiff Class
descriptions with greater specificity or further division into subclasses or limitation
to particular issues.

28.    This action has been brought and may be maintained as a class action

pursuant to Federal Rules of Civil Procedure 23, because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

## **COMMON QUESTIONS OF LAW AND FACT**

29.    Common questions of law and fact exist as to all members of the subclasses that predominate over any questions affecting individual members, including, but not limited to, the following:

a.  Whether Defendants violated 29 C.F.R. section 778.315 by failing to pay for all hours worked;

b.  Whether Defendants violated California Labor Code section 510 by failing to pay for all hours worked;

c.  Whether Defendants violated California Labor Code section 515 by misclassifying employees as exempt;

d.  Whether Defendants required Plaintiff and Plaintiff Class to perform work off-the-clock;

e.  Whether Defendants failed and continue to fail to provide compliant meal periods to Plaintiff and Plaintiff Class;

f.  Whether Defendants failed and continue to fail to provide compliant rest periods to Plaintiff and Plaintiff Class;

g.  Whether Defendants violated California Labor Code section 226 by failing to furnish accurate wage records;

h.  Whether Plaintiff and Class members are entitled to "waiting time" penalties pursuant to California Labor Code section 203;

i.  Whether Defendants violated California Labor Code section 226 by failing to provide semi-monthly itemized statements to California Subclasses members of total hours worked by each and all applicable hourly rates in effect during the relevant pay period(s);

j.  For the members of the FLSA Minimum Wage Class, whether Defendants failed to pay wages for all hours worked, pursuant to 29 U.S.C. section 206; and

k.  What is the proper measure of damages sustained by members of the California and FLSA subclasses?

30.  The typicality of the claims or defenses of the representative and the potential class are similar:

(a)  The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b)  Plaintiff's claims are typical of those of the California and FLSA Unpaid Wage Classes. Plaintiff, like other members of the Minimum Wage Classes, were subjected to Defendants' policy and practice of refusing to pay for all hours worked in violation of California law and in violation of 29 U.S.C. section 206. Plaintiff's job duties and compensation were also typical of other members of the Unpaid Wage Sub-Classes and the Misclassified as Exempt Class.

(c)  Plaintiff's claims are also typical of those of the Wage Statement Class. Plaintiff, like other members of the Wage Statement Class, was subjected to Defendants' policy and practice of refusing to provide compensation for all hours worked, and failing to keep compliant wage records (and provide compliant wage statements), in violation of California law. Plaintiff's job duties and experiences regarding uncompensated time worked and wage statements were also typical of other members of the California Wage and Recordkeeping Sub-Classes; and

(d)  Plaintiff's claims are also typical of those of the Waiting Time Class.

Plaintiff, like other members of this class, was subjected to Defendants' policy and practice of refusing to provide compensation for all hours worked, and failing to keep compliant wage records (and provide compliant wage statements), failure to pay minimum wages in violation of California law. As a result of these violations. Defendants were required to pay Plaintiff and Plaintiff Class immediately at the end of the employment relationship. Plaintiffs' job duties and experiences and failure to receive prompt payment of wages at the end of employment relationship were also typical of other members of California Waiting Time Sub-Class.

31. Based on the paragraphs above, there is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries that Defendants' actions have inflicted upon the Plaintiff Classes.

32. Plaintiff will fairly and adequately represent and protect the interests of all the various subclass members because he has no disabling conflict(s) of interest that would be antagonistic to those of the other class members. Plaintiff has retained counsel who is competent and experienced in class action wage-and-hour litigation.

33. A collective and class treatment is superior to alternative methods to adjudicate this dispute because Plaintiff and other class members suffered similar treatment and harm as a result of systematic policies and practices of Defendants, and because, absent a class and collective action, Defendants' unlawful conduct will be unabated given that the damages suffered by individual class members are small compared to the expense and burden of individual litigation. Class certification is also superior because it will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments about Defendants' practices. Moreover, Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action.

34.    The Class is so numerous that it is impractical to bring all members of the Class before the Court. While the precise number of Plaintiff Class has not been determined at this time, Plaintiff is informed and believes that Defendants, during the relevant time period, employed more than fifteen employees that have been affected by Defendants' unlawful practices as alleged herein.

35.    There is a community of interest in ensuring that the combined assets and available insurance of the Defendants is sufficient to adequately compensate members of the Class for the injuries sustained;

36.    Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

(1) Inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendants; and/or;

(2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendants; and

(3) Defendants have acted or refused to act on grounds generally applicable to the Class.

37.    The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's

attorneys are competent, ready, willing, and able to fully and adequately represent the class and individually named Plaintiff. Plaintiff's attorneys have prosecuted and settled numerous wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in Federal and California courts.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act, 29 U.S.C. section 206

### (By Plaintiff and Plaintiff Class against All Defendants)

38.     Plaintiff and Plaintiff Class incorporate all preceding paragraphs of this complaint as if fully alleged herein.

39.     This claim is brought pursuant to 29 U.S.C. section 206, which requires employers to pay all non-exempt employees at least the minimum wage for all hours worked.

40.     Defendants ELKS, Plaintiff, and/or Plaintiff Class did not enter into any agreement, express or implied, pertaining to the payment or non-payment of straight time compensation and/or overtime compensation.

41.     Plaintiff and Plaintiff Class are hourly paid non-exempt employees and/or employees that were misclassified as exempt who were employed under an express and implied contract to receive compensation for all time worked.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendants regularly and systematically, as a policy and practice, did not allow Plaintiff and Plaintiff Class to take rest breaks.

43.     Plaintiff is informed and believes, and thereon alleges, that Defendants regularly and systematically, misclassified employees as exempt to avoid paying overtime and double time wages.

44.     Plaintiff is informed and believes, and thereon alleges, that Defendants regularly and systematically, as a policy and practice, required Plaintiff and Plaintiff Class members to be subject to Defendants' control when technically on their meal

break. As such, Plaintiff and Plaintiff Class members engaged in "off the clock" work for which they were not compensated.

45.     Plaintiff and members of the FLSA Minimum Wage Class were not compensated for all hours worked off the clock.

46.     Defendants' policies and practices alleged herein violate the FLSA's minimum wage requirements including, but not limited to, 29 U.S.C. section 206.

47.     Defendants' policies and practices, as alleged herein, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. section 255.

48.     Defendants' policies and practices of failing to compensate Plaintiff and Class Members of the FLSA Minimum Wage Class for hours worked over forty hours per work week, and of requiring Plaintiffs and the FLSA Minimum Wage Class to perform uncompensated work off the clock, create an entitlement to recovery by Plaintiff and Class Members of the FLSA Minimum Wage Class in a civil action for the unpaid amount owing, including liquidated damages, attorneys' fees and costs, and interest thereon, pursuant to 29 U.S.C. section 216.

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Lab. Code, §§ 226.7 and 512)**

**(By Plaintiff and Plaintiff Class against All Defendants)**

49.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

50.     Labor Code sections 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period uninterrupted by work duties of not less than thirty (30) minutes, or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

51.     Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section. Plaintiff alleges Defendants failed to provide legally compliant meal periods, in addition to impeding, discouraging, dissuading, and/or not relieving employees from all work duties during meal periods thereby preventing employees from taking legally compliant meal periods.

52.     At all times relevant hereto, Plaintiff and Plaintiff Class have worked shifts of more than five (5) hours in a workday.

53.     Pursuant to Labor Code section 226.7, Plaintiff and Plaintiff Class are entitled to damages in the amount equal to one (1) hour of wages at their regular rate of pay for each missed meal break, in an amount to be proven at trial.

54.     At varying times relevant hereto, Plaintiff and Plaintiff Class have worked shifts more than ten (10) hours in a workday.

55.     Pursuant to Labor Code section 226.7, Plaintiff individually, and on behalf of the Plaintiff Class, request recovery of meal period compensation which they are owed beginning four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes. Pursuant to Labor Code section 218.5, Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by them in this action.

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Lab. Code, § 226.7)

### (By Plaintiff and Plaintiff Class against All Defendants)

56.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

57.     Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

58.     Labor Code section 226.7, subdivision (b), provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.  Plaintiff and Plaintiff Class consistently worked over four (4) hours per shift with no rest breaks, due to Defendants' uniform policies and practices.

59.     Defendants failed to reasonably make available rest breaks to Plaintiff and Plaintiff Class throughout the Class Period.

60.     Plaintiff and Plaintiff Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial. Pursuant to Labor Code section 218.5, Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by them in this action.

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES

## (Lab. Code, §§ 204, 206, 510, 515, 1194, 1194.2, 1197, 1197.1, and 1182.12)

## (By Plaintiff and Plaintiff Class against All Defendants)

61.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

62.    Any employee receiving less than the legal minimum wage or legal overtime compensation is entitled to recover in a civil action the amount of unpaid wages, attorneys' fees, and costs of suit.  (Lab. Code, § 1194, subd. (a).)

63.    Labor Code section 1182.12 provides that from January 1, 2017 to December 31, 2017, the minimum wage rate in California was ten dollars ($10.00) per hour.  From January 1, 2018 to December 31, 2018, the minimum wage rate in California was ten dollars and fifty cents ($10.50) per hour. From January 1, 2019 to December 31, 2019, the minimum wage rate in California was eleven dollars ($11.00) per hour. Plaintiff is informed and believes Defendants employed more than 15 employees.

64.    Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Lab. Code, § 1182.12.) Employers must pay employees no less than minimum wage for each hour worked. (Lab. Code, § 1194.)

65.    In any action to recover payment of wages less than the minimum wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. (Lab. Code, § 1194.2.)

66.    Any work in excess of eight (8) hours in any workday and any work in excess of forty (40) hours in a workweek, shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. (Lab. Code, § 510, subd. (a).) Any work in excess of twelve (12) hours in a workday shall be

compensated at the rate of twice the regular rate of pay for an employee.  Lab. Code, § 510, subd. (a).)

67.   All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer. (Lab. Code, § 204.)

68.   In case of a dispute over wages, the employer shall pay, without condition and promptly under the Labor Code all wages conceded due, leaving to the employee all remedies he/she is otherwise entitled to as to any balance claimed. (Lab. Code, § 206.)

69.   Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Lab. Code, § 1182.12.) Employers must pay an employee no less than the minimum wage for each hour worked. (Lab. Code, § 1194.)

70.   In any action to recover payment of wages less than the minimum wage, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. (Lab. Code, § 1194.2.)

71.   Plaintiff and Plaintiff Class regularly worked over eight (8) hours per day and forty (40) hours per week. Defendants failed to pay Plaintiff, and Plaintiff Class all minimum wage, overtime premiums, and/or double-time premiums for all hours worked in excess of over eight (8) hours per day and/or forty (40) hours per week for work performed for Defendants. Plaintiff and Plaintiff Class were not paid all wages earned. Pursuant to Labor Code sections 510, 1182.12, and 1194, the Plaintiff Class seeks the payment of all minimum wage, overtime, and/or double-time compensation which they earned and accrued four (4) years prior to filing this complaint, according to proof.

72.   Further, Defendants have regularly violated the Labor Code with respect to meeting the requirements of paying wages earned, by failing to include

all remuneration when calculating the Plaintiff and Plaintiff Class' regular rate of pay for purposes of paying overtime and/or double time.

73.     Additionally, Plaintiff and Plaintiff Class are entitled to liquidated damages, attorneys' fees, costs pursuant to California Labor Code sections 218.5 and 1194, and prejudgment interest.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES DUE AT SEPARATION OF EMPLOYMENT
### (Lab. Code, §§ 201, 202, 203)

### (By Plaintiff and Plaintiff Class against All Defendants)

74.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

75.     Plaintiff is informed and believes, and thereon alleges, that as part of Defendants' ongoing unfair business practices, Defendants failed to pay all employees all wages earned during their employment at the time of their separation in violation of Labor Code sections 200 and 201.

76.     Labor Code section 201 provides that an employer is required to pay an employee whose employment is terminated by the employer all wages earned and unpaid immediately upon termination.

77.     Labor Code section 202 requires an employer pay to an employee who quits his or her employment, all wages earned and unpaid no later than 72 hours thereafter.

78.     Labor Code section 203 provides that an employer who fails to pay all wages earned and due an employee who is discharged or who quits within the timeframe set forth in sections 201 and 202, the wages of the employee shall continue as a penalty from the due date at the same rate of pay until paid, but not more than 30 days. In other words, the employer owes the employee his or her daily rate of pay at their regular rate of pay for each day the full amount of unpaid wages

is not paid, for a penalty of up to 30 days' wages.

79.     Plaintiff and members of the Plaintiff Class who terminated employment within four (4) years of the filing of this complaint until the date of entry of judgment, without being paid the proper payments are entitled to thirty (30) days of pay at their regular rate of pay as waiting time penalties.

## SIXTH CAUSE OF ACTION

## FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS AND MAINTAIN RECORDS

### (Lab. Code, §§ 226, 1174)

### (By Plaintiff and Plaintiff Class against All Defendants)

80.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

81.     Labor Code sections 226, 226.3, 1174, and 1174.5, and applicable IWC Wage Orders provide that employers must keep records and provide employees with itemized wage statements showing all hours worked and each applicable rate of pay in effect during the pay period with the corresponding number of hours worked at each hourly rate.

82.     Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily, and the wages paid to each employee. Labor Code section 226, subdivision (a), requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing, including specified information, including, but not limited to: (1) gross wages earned; (2) total hours worked by the employee…(5) net wages earned... and (9) all applicable hourly rates of pay and corresponding number of hours. Labor Code section 226,

subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

83.     The IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee, and the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendants' records: failed to include the proper overtime rate of pay for hours worked over eight (8) in a day or forty (40) in a week.

84.     An employee is deemed to suffer injury if the employer fails to provide an accurate wage statement containing all of the required information set forth in Labor Code section 226, subdivision (a). (Lab. Code, § 226, subd. (e)(2).) In addition, the omission of time worked, proper rates of pay, records of missed meal and rest breaks, and/or premium pay make it difficult for employees to determine whether they were paid all wages due without complicated calculations and/or reconstruction of records required to be maintained by the employer.

85.     For each employee suffering an injury as a result of Defendants' knowing and intentional failure to provide an accurate, itemized wage statement, the employee is entitled to recover the greater of actual damages or fifty dollars

($50.00) for the initial pay period in which a violation occurs, and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

86.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to keep accurate payroll records, as described above, violated Labor Code section 1174, subdivision (d) and section 226, subdivision (a), and the applicable Wage Order. Plaintiff intends to seek penalties under Labor Code section 2699, subdivision (f)(2), Plaintiff and the Plaintiff Class are entitled to penalties of $100.00 for the initial violation, and $200.00 for each subsequent violation, for every pay period during which these records and information were not kept by Defendants.

87.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to keep and maintain accurate records and information and provide to Plaintiff and Class Members accurate itemized wage statements, as described above, was knowing and intentional, and Plaintiff and Plaintiff Class are entitled to statutory penalties for each pay period in which a violation occurred. Plaintiff further seeks recovery of attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and as otherwise permitted by law.

## SEVENTH CAUSE OF ACTION

### FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES

### (Cal. Labor Code § 2802)

### (Plaintiff and Plaintiff Class against All Defendants)

88.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

89.     California Labor Code section 2802 states, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

90.     Plaintiff and Plaintiff Class were required to wear uniforms with logos while on-the-job. Due to the nature of the food service work of Plaintiff and Plaintiff Class, their uniforms would become heavily soiled and had to be laundered frequently. Defendants did not reimburse Plaintiff or Plaintiff Class for the cost of maintaining their work uniforms.

91.     As a result, Plaintiff and Plaintiff Class incurred hundreds of dollars each year in unreimbursed expenses for which they are entitled to reimbursement, including, but not limited to attorney's fees and interest.

## EIGHTH CAUSE OF ACTION

### UNFAIR/UNLAWFUL BUSINESS PRACTICES

### (Bus. & Prof. Code, §§ 17200 et seq.)

### (By Plaintiff and Plaintiff Class against All Defendants)

92.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

93.     Plaintiff brings this claim individually and on behalf of Class Members.

94.     Business and Professions Code section 17200 ("UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

95.     Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

96.     Labor Code section 90.5, subdivision (a), states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with

minimum labor standards.

97.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this complaint, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint, including, but not limited to, violations of Labor Code sections 201, 202, 2013, 226, 510, 515, 1174, 1194 and 2802, as well as other statutes.

98.    The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 et seq.

99.    As a result of these actions, Plaintiff, on information and belief, alleges that Defendants are able to unfairly compete with other comparable companies in the State of California in violation of Business and Professions Code sections 17000 et. seq. and sections 17200 et. seq.  Due to these unlawful, unfair, and/or fraudulent business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

100.    The victims of these unlawful, unfair, and/or fraudulent business practices include, but are not limited to, Plaintiff, putative class members, competing trucking companies in the State of California, and the general public. Plaintiff is informed and believes, and based thereon alleges, that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, putative class members, other competitors, and the general public.

101.    Plaintiff's success in this action will enforce important rights affecting the public interest and public policy.  In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

102.    Business and Professions Code sections 17203 provides that a court

may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

103.    Business and Professions Code section 17203 provides that the Court may restore to any person in interest, any money or property that may have been acquired by means of such unfair competition. Plaintiff and the Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods and other losses alleged herein, during the four-year period prior to the filing of this complaint. All remedies are cumulative pursuant to Business and Professions Code section 17205.

104.    Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

105.    Plaintiff requests injunctive relief pursuant to Business and Professions Code section 17203 to enjoin Defendants from continuing the unfair/unlawful business practices alleged herein.

106.    Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure

section 1021.5 and others.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment as follows:

1. For nominal damages;

2. For compensatory damages;

3. For restitution of all monies due to Plaintiff and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendants;

4. For waiting time penalties pursuant to Labor Code section 203, on behalf of the terminated or resigned employees;

5. For reimbursement of necessary job-related expenditures pursuant to Labor Code section 2802.

6. For penalties pursuant to Labor Code sections 226, 226, subdivision (e), 512, and 1194;

7. For interest accrued to date;

8. Declaratory relief, enjoining Defendants' practices as being unlawful and unfair business practices within the meaning of Business and Professions Code section 17200, et seq., and declaring Defendants have unlawfully treated Plaintiff and Plaintiff Class, failed to pay all wages in violation of California law, failed to pay wages to former employees Plaintiff and other certain members of Plaintiff Class, failed to reimburse Plaintiff and Plaintiff's Class for necessary job-related expenditures, failed to provide Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorney's fees Plaintiff and Plaintiff Class are entitled to.

9. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226, 2802, and 1194;

10. For reasonable attorneys' fees pursuant to Labor Code sections 226, 2802,

1   and 1194 and;

2   11. For all such other and further relief as the Court may deem just and proper.

3

4   Dated: May 28, 2020                 **MAHONEY LAW GROUP, APC**

5

6                                       */s/Kevin Mahoney*

7                                       Kevin Mahoney, Esq.
                                        Attorney for Plaintiff HERMINIO
8                                       RESENDIZ and on behalf of all employees
9                                       similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND RESTITUTION

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: May 28, 2020                          **MAHONEY LAW GROUP, APC**

                                   By:    */s/Kevin Mahoney*
                                          Kevin Mahoney
                                          Attorney for Plaintiff HERMINIO
                                          RESENDIZ, as an individual, and on
                                          behalf of all similarly situated
                                          employees.