UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV20-00990-JAK (ADSx) | Date | July 3, 2024 |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT (DKT. 72); PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (DKT. 73)**

I.    **Introduction**

On May 28, 2020, Herminio Resendiz ("Resendiz" or "Plaintiff") brought this putative class action against Santa Ana Elks Lodge-794-BPOE ("Santa Ana Elks Lodge" or "Defendant"), Benevolent & Protective Order of Elks of the USA ("BPOE") and Does 1-10. Dkt. 1. The Complaint advances the following causes of action arising from Defendant's employment practices:

1. Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207;
2. Violation of Cal. Lab. Code §§ 226.7, 512 (Meal Period Violations);
3. Violation of Cal. Lab. Code §§ 226.7, Wage Order 9 (Rest Period Violations);
4. Violation of Cal. Lab. Code §§ 204, 510, 1194 (Failure to Pay All Wages, Including Minimum Wage and Overtime);
5. Violation of Cal. Lab. Code §§ 201, 202, 203 (Failure to Pay Wages Due at Separation of Employment);
6. Violation of Cal. Lab. Code §§ 226, subd. (a) and (e) (Failure to Issue Accurate Itemized Wage Statements);
7. Violation of Cal. Lab. Code § 2802 (Failure to Reimburse Business Expenses); and
8. Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

*Id.* ¶¶ 38-106.

On December 6, 2021, the parties filed a notice of settlement. Dkt. 29. On June 7, 2022, Plaintiff filed a First Amended Complaint (the "FAC"), which is the operative one. Dkt. 39. The FAC added a cause of action under the Private Attorneys General Act ("PAGA"). *Id.* at 26-27.

On August 24, 2022, Plaintiff filed a dismissal as to BPOE, leaving Santa Ana Elks Lodge as the sole remaining Defendant. Dkt. 52. On August 26, 2022, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). Dkt. 54. Through the Preliminary Approval Motion, Plaintiffs sought the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

1. Conditional class certification;
2. Preliminary approval of the settlement agreement ("Settlement Agreement");
3. Preliminary approval of the PAGA settlement amount ("PAGA Settlement Amount");
4. Approval of the proposed notice ("Notice");
5. Appointment of Plaintiff as class representative ("Class Representative");
6. Appointment of Plaintiff's counsel as class counsel ("Class Counsel");
7. Appointment of Phoenix Class Action Administration Solutions as the settlement administrator; and
8. Scheduling of a hearing on final approval of the class action settlement.

Dkt. 54 at 2-3. On October 19, 2022, Santa Ana Elks Lodge filed a notice of non-opposition to the Preliminary Approval Motion. Dkt. 57.

A hearing on the Preliminary Approval Motion was held on November 15, 2022, and the motion was taken under submission. Dkt. 62. On April 17, 2023, an order issued granting the Preliminary Approval Motion (the "Preliminary Approval Order"). Dkt. 67. Because the Preliminary Approval Order and this one raised many of the same issues, it is incorporated here by this reference.

On February 8, 2024, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"). Dkt. 72. On the same date, Plaintiff filed a Motion for Attorneys' Fees (the "Fee Motion"). Dkt. 73.

A hearing on the Final Approval Motion and the Fee Motion was held on March 18, 2024, and the matters were taken under submission. For the reasons stated in this Order, both the Final Approval Motion and the Fee Motion are **GRANTED IN PART**, with the modifications to each stated in this Order.

**II.** **Background**

A. The Parties

It is alleged that Defendant is a fraternal organization that provides its members with activities and services. Dkt. 39 ¶¶ 9, 16. It is alleged that Plaintiff was employed by Defendant as a cook from approximately 1980 to May 28, 2019. *Id.* ¶ 7. The class that Plaintiff seeks to represent includes "Cooks and other food preparation and serving positions within Defendants' Santa Ana location" who were employed by Defendant from four years prior to the filing of the Complaint to the time of judgment in this action. *Id.* ¶¶ 1, 16. Class members are non-exempt employees and employees who "should have been non-exempt employees but for the Defendants' misclassification." *Id.* ¶ 13.

B. Allegations in the FAC

It is alleged that Defendant misclassified Plaintiff as an exempt employee, and as a result, failed to pay him for all hours worked. *Id.* ¶ 3. It is alleged that Plaintiff worked seven days a week from 7:00 a.m. to 10:00 p.m., and did not receive rest breaks, overtime or double time pay, or timely or uninterrupted meal breaks. *Id.* ¶ 7.

It is alleged that Defendant failed to pay minimum wages for all hours worked to its non-exempt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

employees and to its employees who were misclassified as exempt. *Id.* ¶ 41. It is also alleged that
Defendant required class members to perform uncompensated "off the clock" work and failed to provide
meal and rest periods. *Id.* ¶¶ 48, 51, 59. It is further alleged that Defendant failed to pay overtime, failed
to pay wages due at separation of employment, failed to issue accurate itemized wage statements,
failed to keep accurate wage records and failed to reimburse employees for the cost of laundering their
uniforms. *Id.* ¶¶ 71, 75, 83, 91.

**III.    Summary of Settlement Agreement**

A.    Class Definition

The Settlement Agreement defines the settlement class ("Settlement Class") as follows:

> [A]ll non-exempt, hourly-paid employees, currently and/or formerly employed by Defendant in
> the State of California during the Class Period at any time on or between May 28, 2016 through
> the date of preliminary approval of this settlement by the Court (the "Class Period"). The
> Settlement Class as defined are limited to the non-exempt employees located at Santa Ana Elks
> Lodge-794-BPOE only.

Dkt. 55-1 at 3.

The Settlement Agreement defines the PAGA settlement class ("PAGA Settlement Class") as follows:

> [A]ll non-exempt, hourly-paid employees, currently and/or formerly employed by Defendant in
> the State of California during the PAGA Period at any time on or between May 27, 2019 through
> the date of preliminary approval of this settlement by the Court (the "PAGA Period"). The PAGA
> Settlement Class as defined are limited to the non-exempt employees located at Santa Ana Elks
> Lodge-794-BPOE only.

*Id.*

B.    Payment to Class Members

1.    Gross Settlement Amount

The Settlement Agreement provides that Defendant will pay a Gross Settlement Amount of $450,000.
*Id.* § 4. The Settlement Agreement contains an escalator clause ("Escalator Clause") pursuant to which
the Gross Settlement Amount will be increased proportionally to the extent the class exceeds 110 class
members. *Id.* § 4.(B). Because the total number of class members has now been determined to be 139,
the Escalator Clause applied, which resulted in an increase to the Gross Settlement Amount of
$62,704.92, or 13.93%. Dkt. 73 at 2 n.1; *see* Dkt. 72-3 ¶ 12. This resulted in a final Gross Settlement
Amount of $512,704.92. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

2.    <u>Deductions from the Gross Settlement Amount</u>

a)    Overview

The parties propose to allocate the Gross Settlement Amount as follows: $5000 for an incentive award to Plaintiff; $155,676 for attorney's fees; $5798 for litigation costs and expenses; $7000 for third-party administrator costs; and $37,500 for a payment to the California Labor and Workforce Development Agency ("LWDA"). Dkt. 72 ¶¶ 1–4; Dkt. 72-3 ¶ 13. After these deductions, the Net Settlement Fund to be allocated for payment to class members is $301,731. *Id.*

The following table summarizes these proposed allocations.

| Description of Amount | Amount | Percent |
|---|---|---|
| **Gross Cash Settlement Amount** | **$512,705** | **100%** |
| Incentive Award to Class Representative | $5,000 | 0.98% |
| Attorney's Fees | $155,676 | 30.36% |
| Litigation Costs and Expenses | $5,798 | 1.13% |
| Third Party Administrator Costs | $7,000 | 1.37% |
| LWDA Payment | $37,500 | 7.31% |
| **Net Settlement Fund** | **$301,731** | **58.85%** |

b)    Incentive Awards to Class Representative

The Settlement Agreement provides that up to $5000 will be paid to Plaintiff as an incentive award, subject to approval by the court. Dkt. 55-1 § 4(C)(3). The Final Approval Motion requests a total incentive award of $5000. Dkt. 73 at 2.

c)    Attorney's Fees

The Settlement Agreement provides that up to one third of the Gross Settlement Amount, or $170,901, may be awarded as attorney's fees. Dkt. 55-1 § 4(C)(5). The Fees Motion requests a total attorney's fees award of $155,676. Dkt. 73 at 2.

d)    Litigation Costs and Expenses

The Settlement Agreement provides that up to $20,000 of the Gross Settlement Amount may be paid to reimburse counsel for costs and expenses. Dkt. 55-1 § 4(C)(5). The Fees Motion requests litigation costs and expenses of $5798. Dkt. 73 at 2.

e)    Third Party Administrator Costs

The Settlement Agreement provides that Phoenix Class Action Administration Solutions will act as the settlement administrator. Dkt. 72 at 16. It states that up to $7000 of fees and expenses of the settlement administrator will be paid out of the Gross Settlement Amount. *Id.* at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date |
|----------|------------------------|------|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | |

       f)      LWDA Payment

The Settlement Agreement provides that $50,000 of the Gross Settlement will be "allocated to the resolution of any class member claims arising under PAGA." *Id.* at 13. Pursuant to PAGA, $37,500, or 75% of that amount, will be paid to the LWDA ("LWDA Payment"). *Id.* The remaining $12,500 will remain part of the Net Settlement Fund. *Id.*

       3.     <u>Calculation of Individual Settlement Payments</u>

The Settlement Agreement provides that class members do not have to submit claim forms to receive payments. Dkt. 55-1 § 4. Individual payments will be calculated based on the number of weeks each class members worked for Defendant. *Id.* § 4(B). The aggregate Net Settlement Fund will be divided by the total number of weeks worked by all class members. *Id.* Partial weeks will be rounded to one decimal point. *Id.* This calculation will assign a dollar value to each workweek. *Id.* Each class member's individual payment will be calculated by multiplying the number of weeks that person worked by the dollar value of each workweek. *Id.*

     C.      Release of Claims

The Settlement Agreement provides that all class members who do not opt out will release all claims brought in the FAC, as well as "any and all other claims under California common law, the California Labor Code, California Wage Orders, the California Business and Professions Code, asserted in or that could have been asserted based on the facts set forth in the operative Complaint on file in the action against Defendant . . . ." Dkt. 55-1 § 3(A).

The Settlement Agreement also provides:

      Settlement Class Members who choose to participate in this Settlement by endorsing/cashing their settlement check will be deemed to have opted into the action for purposes of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et. seq. as amended ("FLSA"), and their Released Claims will include a release of any FLSA claims that could be asserted based on the facts alleged in the Lawsuit and as consistent with the state-law wage and hour claims alleged in the Lawsuit.

*Id.*

The Settlement Agreement has a PAGA Release. *Id.* § 3(B). It applies to "[a]ll claims and causes of action alleged or that could have been alleged based on the facts set forth in the Plaintiffs' notice to the LWDA, the Lawsuit(s) and operative complaints on file in the Actions against Defendant." *Id.*

     D.      Notice and Payment Plan

Notice of the settlement was administered by Phoenix Settlement Administrators ("Settlement Administrator"). Dkt. 72 at 16. Defendant's counsel first provided the Settlement Administrator with a data file containing the 139 individuals identified as settlement class members. Declaration of Kevin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date |
|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | |

Lee ("Lee Decl."), Dkt. 72-3 ¶ 3. The Settlement Administrator then conducted a National Change of Address search to determine the most recent address for each class member. *Id.* ¶ 4. Thereafter, on November 21, 2023, the Settlement Administrator timely mailed the court-approved Notice to all 139 class members. *Id.* ¶ 5. The Notice provided information about the principal terms of the Settlement Agreement, including the following: the claims to be released; the scope of the class; the procedure for opting out of the Settlement Agreement; and the effect of a class member who did not take any action. Dkt. 72-3 at 7-12.

Of the 139 Notices mailed, 10 were returned to the Settlement Administrator as undeliverable. *Id.* ¶ 6. None of the Notices was returned with a forwarding address, but for four of the returned Notices, the Settlement Administrator located a current mailing address using skip tracing. *Id.* Forwarding addresses for the other six Notices could not be located. *Id.* ¶ 7. As a result, 133 of the 139 class members, or 96% of the class, received Notices. *Id.* ¶ 6.

As of February 7, 2024, two class members had opted out of the Settlement Agreement, and no class members had objected to the Settlement Agreement. *Id.* ¶¶ 8-9. In addition, no class member submitted a timely workweek dispute prior to the designated deadline of January 5, 2024. *Id.* ¶ 11.

**IV.    Analysis**

     A.    Class Certification

The Preliminary Approval Order analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 67 at 7-11. That analysis, which is incorporated by this reference, was the basis for granting conditional certification of the Settlement Class. The analysis, and the resulting outcome, have not changed. *See* Dkt. 72 at 20-21. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

     B.    Final Approval of the Settlement Agreement

          1.    Legal Standards

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. Fed. R. Civ. P. 23(e). *First*, in the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). At this stage, "the settlement need only be potentially fair." *Id.*

*Second,* if preliminary approval is granted, class members are notified and invited to make any objections. Upon reviewing the results of that notification, a court makes a final determination as to whether an agreement is "fundamentally fair, adequate, and reasonable." *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). A court is to consider and evaluate several factors as part of its assessment of a proposed settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

The following non-exclusive factors, which originally were described in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), are among those that may be considered during both the preliminary and final approval processes:

> (1) the strength of the plaintiff's case;
> (2) the risk, expense, complexity, and likely duration of further litigation;
> (3) the amount offered in settlement;
> (4) the extent of discovery completed and the stage of the proceedings;
> (5) the experience and views of counsel;
> (6) any evidence of collusion between the parties; and
> (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, in determining whether preliminary approval is warranted, a court is to decide whether the proposed settlement has the potential to be deemed fair, reasonable and adequate in the final approval process. *Acosta*, 243 F.R.D. at 386.

The recently amended Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. A court must consider whether:

> (A) the class representatives and Plaintiff's counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3);[1] and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The factors set forth in Fed. R. Civ. P. 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. *See Id.* Advisory Committee Comments to 2018 Amendments to Rule 23. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not

---

[1] Fed. R. Civ. P. 23(e)(3) provides that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. *Id.*

    2.   <u>Application</u>

The Preliminary Approval Order addressed many of the aforementioned factors. Dkt. 67 at 14-17. None of the facts and circumstances as to any of the factors has changed since that time. However, because the Administrator has completed the notice process, the reaction of settlement class members to the proposed settlement may now be considered in evaluating whether it is fair and appropriate.

Of the 139 class members, none objected and only two class members opted out. Dkt. 72-3 ¶¶ 8-9. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (collecting cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Corp. v. DirecTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004))). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes as to any of the relevant circumstances since the Preliminary Approval Order, the same determinations are warranted with respect to the fairness analysis. Therefore, the distribution of the settlement funds in the manner set forth in the Preliminary Approval Order is approved.

    C.   Incentive Award

    1.   <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

    1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

    2.   <u>Application</u>

Through the Preliminary Approval Motion, Plaintiff requested an incentive award of $5000. Dkt. 61 ¶ 28. The Preliminary Approval Order preliminarily approved an incentive award for Plaintiff in the range of $3000 to $5000. Dkt. 67 at 19. It stated that a final determination of the incentive award would be made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|----------|------------------------|------|--|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

in connection with the motion for final approval and based on a review of any new evidence provided by the parties. *Id*.

Through the Final Approval Motion, Plaintiff renews the position that an award of $5000, as provided in the Settlement Agreement, is appropriate. Dkt. 73 at 2. Plaintiff states that he devoted substantial time to assist with the prosecution of the case, including attending meetings, producing files, reviewing documents and providing insight on case strategy. *Id*. at 23-24; *see* Declaration of Herminio Resendiz ("Resendiz Decl."), Dkt. 72-2 ¶ 10. As part of the Settlement Agreement, Plaintiff consented to a general release of all known and unknown claims, a broader release than that provided by the other class members. Dkt. 73 at 13. Plaintiff also contends that he undertook "significant risk and burden in coming forward" with his suit because "[s]ubsequent employers could easily learn [he] had sued [his] former employer, which could jeopardize [his] prospective employment." Dkt. 73 at 23-24; Dkt. 72-2 ¶ 7. Plaintiff declares that he was "willing to take on this risk in order to pursue recovery on behalf of other employees." Dkt. 72-2 ¶ 7.

Plaintiff declares that he has spent approximately 25 hours on this matter. *Id*. ¶ 10. Accordingly, a $5000 incentive award would compensate Plaintiff at an hourly rate of $200. *See* Dkt. 67 at 19. Although Plaintiff's work was valuable, and although he undertook certain risks in pursuing this litigation, compensation at the level Plaintiff requests remains unwarranted given the scope of work performed, the relative risk of injury and the resulting hourly rates. Therefore, based a consideration of all the relevant factors, an award of $4250 to Plaintiff is appropriate and approved. This award compensates Plaintiff at an hourly rate of $170, and takes into account the value of his work and the risks that he took in serving in this role.

    A.    Attorney's Fees

        1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the parties' agreement"; however, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 941; *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964.

A district court must "assure itself that the fees awarded in the agreement [are] not unreasonably high, so as to ensure that the class members' interests [are] not compromised in favor of those of class counsel" or class representatives. *Id*. at 965. Among the factors that may be considered in assessing the reasonableness of a requested fee award are the following: (i) whether the results achieved were exceptional; (ii) risks of continued litigation; (iii) non-monetary benefits conferred by the litigation; (iv) customary fees for similar cases; (v) the contingent nature of the fee and financial burden imposed on counsel; and (vi) the reasonable expectations of counsel, based on the circumstances of the case and the range of fee awards based on common funds of comparable size. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

To evaluate the reasonableness of a request for an award of attorney's fees in a class action, a district court has discretion to choose between a lodestar method and the "percentage method". *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *see also Hanlon*, 150 F.3d at 1029. A court may also choose one method and then perform a cross-check with the other. *See, e.g.*, *Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Staton*, 327 F.3d at 968. However, awards that deviate from the benchmark have been approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created."); *Schroeder v. Envoy Air, Inc.*, No. CV 16-4911-MWF (KSx), 2019 WL 2000578, at *7 (C.D. Cal. May 6, 2019) (internal citations omitted) ("[T]he 'benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors,' " including " '(1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases.' ").

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth,* 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

2.    Application

The Preliminary Approval Order approved attorney's fees in the range of $70,000 and $140,000. Dkt. 67 at 23. The Preliminary Approval Order determined this range by applying the lodestar and percentage methods. *First*, with regard to the percentage method, the Preliminary Approval Order noted that an award of the maximum fees permitted by the Settlement Agreement would represent 33% of the Gross Settlement Amount, or $150,000 of $450,000. *Id.* at 21. It then concluded that, based on the significant risks to Plaintiff's counsel and the significant results that were achieved, an upward departure from the 25% benchmark appeared "potentially reasonable." *Id. Second*, with regard to the lodestar method, the Preliminary Approval Order found that the hours submitted as of that time were reasonable, but that a downward adjustment to the lodestar of $2000, i.e., from $70,865 to $68,865, was warranted. *Id.* at 22-23. Based on these considerations, the Preliminary Approval Order determined that an award up to $140,000 was warranted. *Id.* at 23. It reserved a final determination of the amount of the award following the completion of briefing on the Final Approval Motion.

Through the Final Approval Motion, Class Counsel request a final fee award of $155,676. Dkt. 73 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

Class Counsel provides evidence to support this award in terms of both the percentage and lodestar methods. *First*, with regard to the percentage method, Class Counsel notes that, at the time of the Preliminary Approval Order, the Escalator Clause had not yet been triggered. Class Counsel argues that their requested fee award is supported because it is comprised of a base amount of $140,000, as contemplated in the Preliminary Approval Order, plus an additional 25% of the $62,704 increase incurred by the triggering of the Escalator Clause. *Id.* at 16-18. *Second*, with regard to the lodestar method, Class Counsel have provided updated documentation of their hourly rates and hours worked in connection with this matter.

        a)      Percentage Approach

Upon the triggering of the Escalator Clause, the Gross Settlement Amount became $512,704. Dkt. 72-3 ¶ 12; *see* Dkt. 73 at 2 n.1. An award of $155,676, as requested by Class Counsel, would represent 30.4% of the Gross Settlement Amount. This allocation exceeds the 25% "benchmark award" in the Ninth Circuit. However, as noted in the Preliminary Approval Order, "an attorney's fees award exceeding the benchmark is not *per se* unreasonable." *See* Dkt. 67 at 21. An upward adjustment from the benchmark may be warranted in light of the results achieved, the risks of litigation, non-monetary benefits conferred by the litigation, customary fees in similar cases, the contingent nature of the fee, the burden carried by counsel, or the reasonable expectations of counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002).

Plaintiff's counsel has achieved significant benefits for the class, with an average recovery per Class Member of $2171. Dkt. 72-3 ¶¶ 12-13. Further, as noted, there were substantial risks associated with litigation. *See* Dkt. 67 at 21. Defendant asserted affirmative defenses and contested liability, and there was a risk that class certification would be denied. *See* Dkt. 73 at 13-15. Moreover, the success of Class Counsel in attaining the Settlement Agreement was a significant achievement in light of the "substantial risk that Plaintiff and the Class would not prevail on the merits" if the case were to proceed to trial. *Id.* at 14. In light of these considerations, an upward departure from the benchmark is reasonable.

        b)      Lodestar Approach

The following table summarizes the rates and hours submitted by Plaintiff's counsel to date.

| Attorney | Rate | HOURS BY TASK | | TOTALS |
|---|---|---|---|---|
| Kevin Mahoney | $750 - $850/hour | Initial Meeting with Client | 2.7 | **Hours: 103.9** |
| | | Memo Review from Berkeh Alemzadeh | 0.3 | **Amount: $80,425** |
| | | Memo Review from Berkeh Alemzadeh re: Regular Rate | 0.4 | |
| | | Memo Review from Emily Stewart | 0.2 | |
| | | Review PAGA Notice and Email Emily Stewart Changes to be Made | 0.6 | |
| | | Draft Complaint | 4.5 | |
| | | Review and Revise Complaint | 2 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date |
|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | |

| | | | |
|---|---|---|---|
| | | Review and Revise Complaint & Email Emily Stewart re: Changes | 1.7 |
| | | Communication with Paralegal Re: Service via Notice and Acknowledgment | 0.1 |
| | | Review Welcome Letter to Client | 0.1 |
| | | Draft Letter to Client re: Mediation | 0.9 |
| | | Draft Updated Letter to Client re: Mediation | 0.3 |
| | | Correspond with Defense Counsel re Mediation | 1.1 |
| | | Review File and Begin Draft of Mediation Brief | 9 |
| | | Cont. Draft re: Mediation and Prepare Exhibits | 2.5 |
| | | Correspond with Expert re: Mediation and Cont. Mediation Draft | 2.8 |
| | | Correspond with Defendant re Mediation | 1.7 |
| | | Finalize Mediation Brief | 2.8 |
| | | File Review for Mediation | 5.4 |
| | | Attend Mediation | 6.3 |
| | | Correspond with Defense Counsel re: Tolling PAGA | 0.6 |
| | | Follow up with Defense Counsel re: Tolling PAGA | 0.1 |
| | | Communicate with Mediator re Mediator's Proposal and Speak to Client re: Proposal | 1.3 |
| | | Correspond with Defense Counsel re: Settlement Agreement | 0.2 |
| | | Correspond with Defense Counsel re: Filing a Notice of Settlement or Joint Report to the Court | 0.2 |
| | | Correspond with Defense Counsel re: Joint Posting | 0.2 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| | | | |
|---|---|---|---|
| | | Correspondence with Defense Counsel Settlement Agreement | 0.9 |
| | | Correspondence with Defense Counsel Settlement Agreement | 0.7 |
| | | Review Email from Defense Counsel re Settlement Agreement | 0.1 |
| | | Review Email from Defense Counsel re Settlement Agreement | 0.1 |
| | | Review Email from Defense Counsel re Settlement Agreement | 0.3 |
| | | Teleconference with Defense Counsel | 0.9 |
| | | Review Joint Status Report | 0.5 |
| | | Begin Draft of Settlement Agreement | 2.3 |
| | | Cont. Draft of Settlement Agreement & Email to Defense Counsel | 2.4 |
| | | Begin Draft of Preliminary Approval | 4.8 |
| | | E-mail Review from Defense Counsel | 0.1 |
| | | Revise Long Form Settlement Agreement & Begin Draft of First Amended Complaint | 2.6 |
| | | Review Defense Counsels Redline of Settlement Agreement & First Amended Complaint | 2 |
| | | Revise Settlement Agreement | 0.5 |
| | | Review Defense Counsel's Redlines of Settlement Agreement | 0.3 |
| | | Teleconference with Client | 0.9 |
| | | Draft Stipulation to Continue Preliminary Filing Deadline | 1 |
| | | Revise Settlement Agreement | 1.2 |
| | | Draft Memo to File re Settlement | 0.2 |
| | | Correspondence to Defense Counsel regarding Settlement | 0.1 |
| | | Revisions to Long Form Settlement Agreement | 0.9 |
| | | Review File | 0.4 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| | | | |
|---|---|---|---|
| | | Draft Memo to File re Settlement | 0.2 |
| | | Draft Voluntary Dismissal of Defendant BPOE | 1 |
| | | File Review | 0.5 |
| | | Correspondence to Client | 0.3 |
| | | Draft Memo to File re Settlement | 0.3 |
| | | Travel to Hearing for Preliminary Approval | 1.2 |
| | | Hearing for Preliminary Approval | 0.8 |
| | | Return from Hearing for Preliminary Approval | 0.8 |
| | | Review Redlines to Amended Settlement Agreement | 0.7 |
| | | Draft Memo to File re: Preliminary Approval | 0.2 |
| | | Review and Revise Documents for Court | 0.4 |
| | | Review File | 0.5 |
| | | Review and Amend Class Notice | 1.4 |
| | | Email Defense Counsel re Settlement Agreement | 0.2 |
| | | Email Defense Counsel re Settlement Agreement | 0.2 |
| | | Review Email from Defense Counsel re: Executed Settlement Agreement | 0.1 |
| | | Correspond with Defense Counsel re Filing of Amended Documents | 0.6 |
| | | Review Emails from Defense Counsel re Status of Order | 0.2 |
| | | Review of Court's Signed Order | 0.1 |
| | | Draft Joint Stipulation to Continue Final Approval & Correspond with Defense Counsel re Stipulation | 1.5 |
| | | Review Court's Text Order | 0.3 |
| | | Review Court's Order re: Preliminary Approval | 0.4 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| | | | |
|---|---|---|---|
| | | Review Email from Administrator re: Opening of Administration of Settlement | 0.1 |
| | | Review Email from Admin re:   Class Data | 0.1 |
| | | E-mail to Defense Counsel Re: Class Data | 0.3 |
| | | E-mail Following Up on Class Data | 0.2 |
| | | Review E-mail from Administrator Class Data | 0.1 |
| | | Review Emails re Receipt of Class Data | 0.1 |
| | | Review e-mails Between Administrator and Defense Counsel | 0.2 |
| | | Exchange of E-mails Between Administrator and Defense Counsel | 0.5 |
| | | Review Updated Class List | 0.3 |
| | | Review E-mail from Defense Counsel | 0.1 |
| | | Telephone Call to Defense Counsel | 0.3 |
| | | Review Escalator Clause in Settlement Agreement | 0.6 |
| | | Review E-mail from Administrator re Class Data | 0.2 |
| | | E-mail to Defense re: Filing a Joint Stipulation to Continue Final Approval | 0.1 |
| | | Follow Up Email to Defense Counsel re: Joint Stipulation | 0.1 |
| | | Follow Up E-mail Joint Stipulation and Class Data | 0.2 |
| | | E-mail Exchange with Defense Counsel Filing Joint Stipulation | 0.2 |
| | | Review Court's Order | 0.2 |
| | | Review E-mail from Defense Counsel re: Class Size | 0.1 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date |
|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | |

| | | | | |
|---|---|---|---|---|
| | | Review E-mail Class Size and Sending Data | 0.1 | |
| | | Review E-mail Availability to Discuss Class Size Increase | 0.2 | |
| | | Review and Response to E-mails with Administrator and Defendant's Counsel | 0.6 | |
| | | Review E-mails Re: Increased Class Size/Value of Workweeks | 1.7 | |
| | | E-mail to Defense Counsel re: Triggered Escalator Clause | 0.1 | |
| | | E-mail Exchange re: Escalator Clause | 0.2 | |
| | | Review and Respond to E-mails with Administrator and Defense Additional Funding | 0.5 | |
| | | Review and Respond to E-mails with Defense Additional Funding | 0.7 | |
| | | Review and Respond to E-mails with Defense Additional Funding | 1.4 | |
| | | Review and Respond to E-mails with Defense Re: Call | 0.2 | |
| | | Review E-mails between Administrator and Defense Counsel | 0.3 | |
| | | Review E-mails Confirming Increased Settlement Amount | 0.7 | |
| | | Review E-mails Regarding Filing New Stipulation | 0.5 | |
| | | Review Administration Documents | 1.2 | |
| | | Review E-mail regarding Date of Mailing Notice of Settlement | 0.1 | |
| | | Begin Draft of Final Approval Motion | 1.2 | |
| | | Review and Revise Final Approval | 2.6 | |
| | | Review and Revise Application for Fees | 1.7 | |
| | | Draft Declaration for Plaintiff in Support of Final Approval | 0.6 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| | | Final Review of Final Approval for Filing | 2.2 | |
|---|---|---|---|---|
| Berkeh Alemzadeh | $450 - $550/hour | Review Client Intake and File in Preparation for Initial Meeting | 1.2 | **Hours: 43.5**<br>**Amount: $21,895** |
| | | Initial Meeting with Client | 2.4 | |
| | | Research Theories of Case and Prepare Memo to Kevin Mahoney and Client re: Theories of Case | 3.2 | |
| | | Research Regular Rate and Prepare Memo to Kevin Mahoney re: Results | 2.3 | |
| | | Additional Research re Theories of Case | 1.7 | |
| | | Client Contact Regarding Mediation | 0.8 | |
| | | Draft Mediation Brief | 3.4 | |
| | | Meeting with Kevin Mahoney re Mediation | 1.2 | |
| | | Contact Client re: Mediation | 0.3 | |
| | | Meeting with Kevin Mahoney re Mediation | 1.7 | |
| | | Attend Mediation | 7.1 | |
| | | Draft Preliminary Approval | 4.1 | |
| | | Correspond with Client re: Status of Case | 0.3 | |
| | | Review Weekly Administrator Report - 12/1/2023 | 0.2 | |
| | | Review Weekly Administrator Report - 12/15/2023 | 0.2 | |
| | | Review Weekly Administrator Report - 12/22/2023 | 0.2 | |
| | | Review Weekly Administrator Report - 12/29/2023 | 0.2 | |
| | | Review Weekly Administrator Report - 1/5/2024 | 0.2 | |
| | | Communicate with Administrator re: Declaration for Final Approval | 0.6 | |
| | | Review Administrator's Declaration | 0.5 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | | | Date | |
|---|---|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | | | |

| | | | | |
|---|---|---|---|---|
| | | Review E-mail from Defense Counsel to Administrator re: Declaration | 0.1 | |
| | | Review E-mail from Administrator | 0.1 | |
| | | Draft of Proposed Order Granting Final Approval | 1 | |
| | | Draft Declaration in Support of Final Approval | 0.3 | |
| | | Drafting Final Approval Motion | 3.3 | |
| | | Continue Drafting Final Approval Motion | 3.1 | |
| | | Draft Application for Fees | 2.7 | |
| | | Finalize Motion for Final Approval | 1 | |
| Anna Salusky | $750/hour | Conference with Legal Team | 0.1 | **Hours: .2 Amount: $150** |
| | | Conference with Legal Team | 0.1 | |
| Emily Stewart | $500/hour | Review Case File and Documents Provided by Client | 0.5 | **Hours: 11.2 Amount: $5,600** |
| | | Communicate with Client on April 3, 2020 | 0.2 | |
| | | Communicate with Client on April 24, 2020 | 0.3 | |
| | | Draft, Edit, and Review Complaint | 4.1 | |
| | | Communicate with Client re: PAGA Notice and Prepare PAGA Notice | 4.8 | |
| | | Correspond with Legal Team re: Case Plan and Next Steps - May 15, 2020 | 0.2 | |
| | | Communicate with Client re: Case - May 27, 2020 | 0.2 | |
| | | Review Scheduling Order | 0.1 | |
| | | Review Case with Legal Team re Mediation | 0.8 | |
| John Young | $550/hour | Draft Stipulation and Proposed Order to Continue Preliminary Approval | 0.6 | **Hours: .6 Amount: $330** |
| Paralegals | $175 - $180/hour | Audit Case File | 0.1 | **Hours: 6.2 Amount: $1,113** |
| | | Mediation Letter to Client | 0.3 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| | | Communicate with Client re: Case | 0.1 | |
|---|---|---|---|---|
| | | Finalize and File Motion for Preliminary Approval | 5.7 | |
| | | | **Total Hours: 165.60** | |
| | | | **Total Amount: $109,512.50** | |

The submission shows that Plaintiff's counsel collectively has worked a total of 165 hours to date, with a corresponding total lodestar of $109,512.50.

(1)    Whether the Rates Claimed Are Reasonable

The Preliminary Approval Order analyzed the hourly rates of Class Counsel based on the experience of counsel as described in the Preliminary Approval Motion. Dkt. 67 at 22. That analysis, which is incorporated by this reference, was the basis for the determination that the hourly rates of Class Counsel were reasonable. The analysis, and the resulting outcome, have not changed. Therefore, the hourly rates of Class Counsel are again determined to be reasonable in light of the substantial experience of Class Counsel.

(2)    Whether the Hours Charged Are Reasonable

Class Counsel has provided the following tables summarizing the hours worked on this matter by task:

| Hours by Task | | | |
|---|---|---|---|
| *Task 1: Initial Intake Meeting with Client* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 2.7 | $2,025 |
| Berkeh Alemzadeh | $450 | 3.6 | $1,620 |
| **Fee Request** | | **6.3** | **$3,645** |
| *Task 2: Legal Research Re: Entity and Theories of Liability* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.3 | $225.60 |
| Berkeh Alemzadeh | $450 | 3.2 | $1,440 |
| **Fee Request** | | **3.5** | **$1,666** |
| *Task 3: Legal Research Re: Huntington Hospital Case* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.4 | $300.00 |
| Berkeh Alemzadeh | $450 | 4 | $1,800.00 |
| **Fee Request** | | **4.4** | **$2,100** |
| *Task 4: Review Case File and Documents Provided by Client* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | | Date | |
|---|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | | |

| | | | |
|---|---|---|---|
| Kevin Mahoney | $750 | 0.2 | $150.00 |
| Emily Stewart | $500 | 0.5 | $250.00 |
| **Fee Request** | | **0.7** | **$400** |
| *Task 5: Communicate with Client re Case - April 3, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.2 | $100.00 |
| **Fee Request** | | **0.2** | **$100** |
| *Task 6: Communicate with Client re: Case   - April 24, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.3 | $150.00 |
| **Fee Request** | | **0.3** | **$150** |
| *Task 7: Communicate with Client re: Status of Case - May 11, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Anna Salusky | $750 | 0.1 | $75.00 |
| **Fee Request** | | **0.1** | **$75** |
| *Task 8: Correspond with Legal Team re: Case Plan and Next Steps - May 15, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.2 | $100.00 |
| **Fee Request** | | **0.2** | **$100** |
| *Task 9: Conference with Legal Team Regarding Status of Case - May 20, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Anna Salusky | $750 | 0.1 | $75.00 |
| **Fee Request** | | **0.1** | **$75** |
| *Task 10: Communicate with Client re: PAGA Notice and Prepare PAGA Notice* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.6 | $450.00 |
| Emily Stewart | $500 | 4.8 | $2,400.00 |
| **Fee Request** | | **5.4** | **$2,850** |
| *Task 11:   Communicate with Client re: Case - May 27, 2020* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.2 | $100.00 |
| **Fee Request** | | **0.2** | **$100** |
| *Task 12: Draft/Edit/Review Complaint* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 8.2 | $6,150.00 |
| Emily Stewart | $500 | 4.1 | $2,050.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| Fee Request | | 12.3 | $8,200 |
|---|---|---|---|
| *Task 13: Review Documents for Service by Notice and Acknowledgment* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.1 | $75.00 |
| **Fee Request** | | **0.1** | **$75** |
| *Task 14: Review and Finalize Welcome Letter to Client re: Next Steps* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.1 | $75.00 |
| **Fee Request** | | **0.1** | **$75** |
| *Task 15: Review Scheduling Order* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.1 | $50.00 |
| **Fee Request** | | **0.1** | **$50** |
| *Task 16: Prepare Letter to Client re: Mediation* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.9 | $675.00 |
| **Fee Request** | | **0.9** | **$675** |
| *Task 17: Review Case with Legal Team re: Mediation* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Emily Stewart | $500 | 0.8 | $400.00 |
| **Fee Request** | | **0.8** | **$400** |
| *Task 18: Confer with Legal Team & Client re: Mediator's Proposal* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Berkeh Alemzadeh | $500 | 0.8 | $400.00 |
| **Fee Request** | | **0.8** | **$400** |
| *Task 19: Audit Case File* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Paralegal | $175 | 0.1 | $17.50 |
| **Fee Request** | | **0.1** | **$18** |
| *Task 20: Prepare and Finalize Mediation Status Letter to Client* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Paralegal | $180 | 0.3 | $54.00 |
| **Fee Request** | | **0.3** | **$54** |
| *Task 21: Communicate with Defense re: Mediation and Update Client* | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 1.4 | $1,050.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date |
|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | |

| Fee Request | | **1.4** | **$1,050** |
|---|---|---|---|

| Task 22: Draft and Finalize Mediation Brief | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 18.8 | $14,100.00 |
| Berkeh Alemzadeh | $500 | 3.4 | $1,700.00 |
| **Fee Request** | | **22.2** | **$15,800** |

| Task 23: Communicate with Client re: Mediation | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Berkeh Alemzadeh | $500 | 1.6 | $800.00 |
| **Fee Request** | | **1.6** | **$800** |

| Task 24: Pre-Mediation Conference with Legal Team & File Review | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 5.4 | $4,050.00 |
| Berkeh Alemzadeh | $500 | 1.7 | $850.00 |
| **Fee Request** | | **7.1** | **$4,900** |

| Task 25: Attend Mediation | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 6.3 | $4,725.00 |
| Berkeh Alemzadeh | $500 | 7.1 | $3,550.00 |
| **Fee Request** | | **13.4** | **$8,275** |

| Task 26: Meet and Confer with Defense re PAGA Tolling Agreement | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.7 | $525.00 |
| **Fee Request** | | **0.7** | **$525** |

| Task 27: Communicate with Mediator and Client re Mediator's Proposal - November 23, 2021 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 1.3 | $975.00 |
| **Fee Request** | | **1.3** | **$975** |

| Task 28: Meet and Confer with Defense re: Notice of Settlement to Court | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.6 | $450.00 |
| **Fee Request** | | **0.6** | **$450** |

| Task 29: Meet and Confer re: Settlement | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 3 | $2,250.00 |
| **Fee Request** | | **3** | **$2,250** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

| Task 30: Joint Report | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.5 | $375.00 |
| **Fee Request** | | **0.5** | **$375** |

| Task 31: Prepare/Draft Long Form Settlement Agreement | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 13.3 | $9,975.00 |
| **Fee Request** | | **13.3** | **$9,975** |

| Task 32: Preliminary Approval Motion | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750.00 | 4.8 | $3,600 |
| Berkeh Alemzadeh | $500.00 | 4.1 | $2,050 |
| Paralegal | $180 | 5.7 | $1,026.00 |
| **Fee Request** | | **14.6** | **$6,676** |

| Task 33: First Amended Complaint | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 1.7 | $1,275.00 |
| **Fee Request** | | **1.7** | **$1,275** |

| Task 34: Correspondence to Client - April 19, 2022 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Berkeh Alemzadeh | $500 | 0.3 | $150.00 |
| **Fee Request** | | **0.3** | **$150** |

| Task 35: Communicate with Client re Status of Settlement and Case - July 22, 2022 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.9 | $675.00 |
| **Fee Request** | | **0.9** | **$675** |

| Task 36: Communicate with Client re Status of Settlement and Case | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 1.2 | $900.00 |
| **Fee Request** | | **1.2** | **$900** |

| Task 37: Stipulation to Continue Preliminary Approval - 5/2/2022 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| John A. Young | $550 | 0.6 | $330.00 |
| **Fee Request** | | **0.6** | **$330** |

| Task 38: Communicate with Client re: Case | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | | Date | |
|---|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | | |

| Paralegal | $150 | 0.1 | $15.00 |
|---|---|---|---|
| **Fee Request** | | **0.1** | **$15** |
| **Task 39: Stipulation to Continue Preliminary Approval - 7/28/2022** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 1 | $750.00 |
| **Fee Request** | | **1** | **$750** |
| **Task 40: Attend Preliminary Approval Hearing - 11/15/2022** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 3.3 | $2,475.00 |
| **Fee Request** | | **3.3** | **$2,475** |
| **Task 41: Communicate with Client re: Outcome of Preliminary Approval Hearing** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $750 | 0.3 | $225.00 |
| **Fee Request** | | **0.3** | **$225** |
| **Task 42: Revise Settlement Agreement per Court's Order** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | 750 - 800 | 2 | $1,570.00 |
| **Fee Request** | | **2** | **$1,570** |
| **Task 43: Prepare Supplemental Briefing for Preliminary Approval** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $800 | 2 | $1,600.00 |
| **Fee Request** | | **2** | **$1,600** |
| **Task 44: First Stipulation to Continue Final Approval** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $850 | 1.8 | $1,530.00 |
| **Fee Request** | | **1.8** | **$1,530** |
| **Task 45: Meet and Confer and Review of Administration of Settlement/Class Data** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $850 | 11.6 | $9,860.00 |
| **Fee Request** | | **11.6** | **$9,860** |
| **Task 46: Second Stipulation to Continue Final Approval** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Kevin Mahoney | $850 | 0.5 | $425.00 |
| **Fee Request** | | **0.5** | **$425** |
| **Task 47: Final Approval** | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | | Date | |
|---|---|---|---|---|
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | | |

| | | | |
|---|---|---|---|
| Berkeh Alemzadeh | $550 | 12.7 | $6,985 |
| Kevin Mahoney | $850 | 8.3 | $7,055.00 |
| **Fee Request** | | **21** | **$14,040** |

**Total Hours: 165.60**
**Total Amount: $109,512.5**

Based on a review of the evidence submitted with respect to the work performed in this matter, issues are raised about the number of hours spent on certain tasks. The evidence shows that substantial hours were devoted to certain tasks, with limited information as to why these hours were necessary. Therefore, certain exclusions and downward adjustments are warranted. These adjustments result in a reduction to the lodestar of $3000, i.e., from $109,512 to $106,512.

If the lodestar were reduced to $106,512, Plaintiff's counsel's intended fee request of $155,676 would represent a multiplier enhancement of approximately 1.46. This is a substantial multiplier. However, in light of the success of Class Counsel in this litigation, its risks and its success in obtaining the Settlement Agreement, this multiplier is reasonable and warranted. See *Vizcaino*, 290 F.3d at 1051 (courts "routinely enhance" the lodestar to "reflect the risk of non-payment in common fund cases"); *Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 298 (N.D. Cal. 1995) (multipliers in the 3-4 range are common in class actions).

        c)      Conclusion on Attorney's Fees

Based on a consideration of the range that was preliminarily approved in the Preliminary Approval Order, as well as the appropriateness of an above-benchmark percentage and multiplier in light of the risks undertaken and results obtained by counsel, and the additional evidence that has been presented in connection with the Motions, it is determined that an award of attorney's fees in the amount of $140,000 is reasonable. Further, if the higher amount requested by Plaintiff's counsel were awarded, it would conflict with the Preliminary Approval Order as well as with the corresponding notice to the class.

        E.      Litigation Costs and Expenses

Plaintiff has submitted evidence of litigation costs and expenses of $5798. Dkt. 73 at 2. This figure is below the $8000 amount that was preliminarily approved in the Preliminary Approval Order. Dkt. 67 at 23. Further, a log of expenses has been submitted that is sufficient to support the appropriateness and reasonableness of this amount of costs. *See* Dkt. 72-8. Therefore, the request for litigation costs and expenses is approved.

**V.**      <u>**Conclusion**</u>

For the reasons stated in this Order, both the Final Approval Motion and the Fee Motion are **GRANTED IN PART**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00990-JAK (ADSx) | Date | |
| Title | Herminio Resendiz v. Santa Ana Elks Lodge-794-BPOE, et al. | | |

Initials of Preparer    tj