# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMINIO RESENDIZ, AS AN INDIVIDUAL AND ON BEHALF OF ALL SIMILARLY SITUATED EMPLOYEES,<br><br>Plaintiff,<br><br>v.<br><br>SANTA ANA ELKS LODGE-794-BPOE; BENEVLOENT & PROTECTIVE ORDER OF ELKS OF THE USA; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | No. 8:20-CV-00990-JAK (ADSx)<br><br>**FINAL JUDGMENT**<br><br>**JS-6** |

**JUDGMENT IS HEREBY ENTERED** as follows:

1. The Class Action Settlement Agreement ("Settlement Agreement") between Herminio Resendiz ("Plaintiff"), individually and on behalf of class members, and Santa Ana Elks Lodge-794-BPOE ("Defendant"), has been deemed fair, just, and reasonable and one that meets the requirements for final approval.

2. This Court has jurisdiction over the subject matter of this litigation, all related matters, all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Defendant and all class members.

1

3. The following class was conditionally certified for settlement purposes on April 17, 2023 as follows: all non-exempt, hourly-paid employees, currently and/or formerly employed by Defendant in the State of California at any time on or between May 28, 2016 through the date of preliminary approval of this settlement by the Court (the "Class Period"). The settlement class is limited to the non-exempt employees located at Santa Ana Elks Lodge-794-BPOE only.

4. This class meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3), and the settlement class is finally approved and certified as a Class for purposes of settlement of this action.

5. Notice documents were sent to each class member by first-class mail. The notice materials stated the terms of the Settlement Agreement, how settlement shares would be calculated, how to receive settlement shares, the right to comment on (including object to) the Settlement Agreement or opt out of the Settlement Agreement or to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing.

6. This notice procedure afforded adequate protections to class members and provided the basis for an informed decision regarding approval of the Settlement based on the responses of class members. Notice was effected in the manner stated in the Settlement Agreement.

7. The requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) have been satisfied.

8. The terms of this Settlement are fair, adequate and reasonable for the class members that have not opted out and they will be bound by the Settlement Agreement. The settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement shall be consummated pursuant to Rule 23(e).

9. The individual settlement payments to be made to the participating class members as provided for in the Settlement Agreement are fair and reasonable. The plan

of allocation is rational. There is final approval of payment of those amounts to the participating class members out of the net settlement fund in accordance with the terms of the Settlement Agreement.

10. Attorney's fees to Mahoney Law Group, APC ("Class Counsel") are approved in the amount of $140,000.

11. Class Counsel is awarded costs in the amount of $5,797.50. Class Counsel originally estimated litigation costs up to $8000. Class Counsel's actual costs of $5,797.50 are requested by Class Counsel to be paid from the gross settlement amount. The remaining amount of $2,202.50 will become part of the net settlement amount for distribution to participating class members.

12. The Court awards Plaintiff an incentive award of $4250.

13. Upon completion of the administration of this settlement, Phoenix Settlement Administrators ("Settlement Administrator") will provide a declaration detailing the completion of the administration process to the Court and to counsel for the parties. The $7000 cost for the administration of this settlement is deemed reasonable, and shall be paid from the gross settlement amount to the Settlement Administrator.

14. There have been no objections to the Settlement Agreement.

15. The Court retains jurisdiction to effect the terms of the Settlement Agreement.

16. This action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: July 03, 2024

_____
John A. Kronstadt
United States District Judge